**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Houston Casualty Company,<br><br>Plaintiff,<br><br>v.<br><br>Weis Builders, Inc. and Egan Company,<br><br>Defendants. | Court File No. 0:22-cv-01106<br><br>**ANSWER AND COUNTERCLAIM** |

Defendants Weis Builders, Inc. and Egan Company, as and for their Answer to the Complaint for Declaratory Judgment of Plaintiff Houston Casualty Company, state and allege as follows:

## GENERAL DENIAL

Except as to those allegations that are expressly admitted herein, Defendants deny each and every allegation contained in Plaintiff's Complaint except as may be hereinafter admitted, qualified or explained, and deny Plaintiff's right to all relief requested.

## THE PARTIES

1. Defendants are without information or knowledge to form a reasonable basis as to the truth or falsity of the allegations in Paragraph 1 of the Complaint.

2. Defendants admit the allegations in Paragraph 2 of the Complaint.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants are without information or knowledge to form a reasonable basis as to the truth or falsity of the allegations the allegations in Paragraph 4 of the Complaint and therefore deny the same.

## JURISDICTION AND VENUE

5. Defendants state that Paragraph 5 is an introductory paragraph to which no response is required. To the extent a response is required to Paragraph 5, Defendants deny the same.

6. In response to Paragraph 6 of the Complaint, Defendants admit that the parties are diverse and that the policy issued by Plaintiff has a $2,000,000 per occurrence limit and a $4,000,000 aggregate limit. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. In response to Paragraph 8 of the Complaint, Defendants do not dispute venue in this Court. Defendants deny any and all remaining allegations in Paragraph 8 of the Complaint.

## FACTS

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants admit the allegations in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Defendants admit that Egan contracted with TMS to design and procure the outdoor condensing units, including the

controls. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 12 of the Complaint and therefore deny the same.

13. Defendants admit the allegations in Paragraph 13 of the Complaint, except that Defendants lack sufficient knowledge to admit or deny the total number of compressors and therefore deny the same.

14. In response to Paragraph 14 of the Complaint, Defendants admit that the outdoor condensing units were installed with input from TMS. Defendants deny any and all remaining allegations in Paragraph 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint, Defendants admit that the outdoor condensing units were installed with input from TMS. Defendants deny any and all remaining allegations in Paragraph 15 of the Complaint.

16. In response to Paragraph 16 of the Complaint, Defendants admit that LG issued a warranty for the compressors. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 16 of the Complaint, and therefore deny the same.

17. Defendants admit the allegations in Paragraph 17 of the Complaint.

18. Defendants admit the allegations in Paragraph 18 of the Complaint.

19. In response to Paragraph 19 of the Complaint, Defendants admit that seven compressors had failed as of September 2021. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 19 of the Complaint, and therefore deny the same.

20. Defendants lack sufficient information to admit or deny the allegations in Paragraph 20 of the Complaint, and therefore deny the same.

21. In response to Paragraph 21 of the Complaint, Defendants admit that LG replaced the seven failed compressors under its original warranty. Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants admit the allegations in Paragraph 23 of the Complaint, except that Defendants lack sufficient information to admit or deny whether any additional compressors have failed, and therefore deny the same.

24. In response to Paragraph 24 of the Complaint Defendants admit that RMP has demanded that Defendants take steps to reinstate the warranty on the 32 outdoor condensing units, including replacement of the outdoor condensing units among other items. Defendants lack sufficient information to admit or deny the total number of compressors and therefore deny the same. Defendants deny any and all remaining allegations in Paragraph 24 of the Complaint.

25. In response to Paragraph 25 of the Complaint, Defendants admit that RMP has demanded that Defendants take steps to reinstate the warranty on the 32 outdoor condensing units, including replacement of the outdoor condensing units among other items. Defendants lack sufficient information to admit or deny the total number of compressors and therefore deny the same. Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants admit the allegations in Paragraph 28 of the Complaint.

29. Defendants admit the allegations in Paragraph 29 of the Complaint.

30. In response to Paragraph 30 of the Complaint, Defendants state that Exhibit 1 speaks for itself. Defendants deny any and all remaining allegations in Paragraph 30 of the Complaint.

## COUNT I – DECLARATORY JUDGMENT
## (NO "PROPERTY DAMAGE" FROM AN OCCURRENCE")

31. In response to the restated allegations in Paragraph 31 of the Complaint, Defendants restate and incorporate their answers in the preceding paragraphs herein.

32. In response to Paragraph 32 of the Complaint, Defendants state that Exhibit 1 speaks for itself. Defendants deny any and all remaining allegations in Paragraph 32 of the Complaint.

33. In response to Paragraph 33 of the Complaint, Defendants state that Exhibit 1 speaks for itself. Defendants deny any and all remaining allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

**COUNT II – DECLARATORY JUDGMENT**
**(EXCLUSION 2.n. APPLIES TO BAR COVERAGE)**

38. In response to the restated allegations in Paragraph 38 of the Complaint, Defendants restate and incorporate their answers in the preceding paragraphs herein.

39. In response to Paragraph 39 of the Complaint, Defendants state that Exhibit 1 speaks for itself. Defendants deny any and all remaining allegations in Paragraph 39 of the Complaint.

40. In response to Paragraph 40 of the Complaint, Defendants state that Exhibit 1 speaks for itself. Defendants deny any and all remaining allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

**COUNT III – DECLARATORY JUDGMENT**
**(EXCLUSION 2.m. APPLIES TO BAR COVERAGE)**

45. In response to the restated allegations in Paragraph 45 of the Complaint, Defendants restate and incorporate their answers in the preceding paragraphs herein.

46. In response to Paragraph 46 of the Complaint, Defendants state that Exhibit 1 speaks for itself. Defendants deny any and all remaining allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

**COUNT IV – DECLARATORY JUDGMENT**
**(PROFESSIONAL LIABILITY EXCLUSION APPLIES TO BAR COVERAGE)**

50. In response to the restated allegations in Paragraph 50 of the Complaint, Defendants restate and incorporate their answers in the preceding paragraphs herein.

51. In response to Paragraph 51 of the Complaint, Defendants state that Exhibit 1 speaks for itself. Defendants deny any and all remaining allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

**COUNT V – DECLARATORY JUDGMENT**
**(RESIDENTIAL CONSTRUCTION EXCLUSION APPLIES TO BAR COVERAGE)**

55. In response to the restated allegations in Paragraph 55 of the Complaint, Defendants restate and incorporate their answers in the preceding paragraphs herein.

56. In response to Paragraph 56 of the Complaint, Defendants state that Exhibit 1 speaks for itself. Defendants deny any and all remaining allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

## JURY DEMAND

60. In response to Paragraph 60 of the Complaint, Defendants state that no response is required. To the extent a response is required to Paragraph 60 of the Complaint, Defendants deny the same.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. This Court lacks subject-matter jurisdiction over Plaintiff's requests for declaratory relief.

3. The Complaint is barred due to the absence of any legitimate controversy.

4. The Complaint should be dismissed for failure to join parties necessary for a just adjudication of the issues under Rule 19.

5. Plaintiff's claims are barred by the doctrines of waiver, laches, or estoppel.

6. Plaintiff's claims are barred by its unclean hands and/or bad faith.

7. Plaintiff's claims are barred by the doctrine of unjust enrichment.

Defendants affirmatively reserve the right to amend or supplement their Answer, and to raise additional affirmative defenses, as and when facts or circumstances are disclosed that would make any such defense applicable.

## COUNTERCLAIM

For their Counterclaim against Plaintiff Houston Casualty Company, Defendants Weis Builders, Inc. and Egan Company state and allege as follows:

1. Defendants incorporate by reference Paragraphs 1-3 of the Complaint as to identification of the parties.

## The Project

2. On or about February 9, 2018, Weis entered into a contract with Rochester MN Properties, LLC ("RMP") to design and construct the development located at 1408 NW 2nd Street, Rochester, MN.

3. On or about May 17, 2018, Weis entered into a contract with Egan to design and install electrical, plumbing, and HVAC components for the Project, which work included design and installation of a variable refrigerant flow HVAC system.

4. Egan contracted with TMS Johnson, Inc. ("TMS") to supply 32 outdoor condensing units for the HVAC system.

5. TMS supplied a proprietary system manufactured by LG Electronics USA, Inc. ("LG"). Upon information and belief, each of the 32 outdoor condensing units supplied by TMS contains 2 compressors, which carry a 10-year warranty from LG.

6. The Project was delivered to RMP in or around July 2020. LG issued a 10-year warranty for the compressors that were installed in the outdoor condensing units.

7. In or around September 2020, one of the compressors manufactured by LG failed.

8. In or around June-September 2021, six more LG compressors failed.

9. Upon information and belief, the failures and related issues with the outdoor condensing units caused some areas of the property to be unable to achieve habitable temperature settings, and some occupants were temporarily relocated to hotels.

10. LG replaced the seven failed compressors under its original warranty. The labor to install the seven compressors was provided and/or paid for by Egan and/or TMS.

11. LG refused to provide a warranty for the seven compressors that were replaced, and voided RMP's warranty on the remaining compressors that were not replaced.

12. On September 23, 2021, LG issued a report concluding that the cause of the compressor failures was installation by unqualified personnel and improper installation methods by Defendants, including failure to use nitrogen during brazing and failure to remove copper piping debris from the system during installation.

13. An April 22, 2022 letter from LG alleged further installation errors by Defendants, including the existence of pipe traps, low-quality and inadequate insulation, improper pipe length and diameter, and failure to remove construction debris from indoor units.

14. Neither LG nor Defendants have issued a recall of the compressors, the outdoor condensing units, or any of their component parts. Upon information and belief, LG's compressors are still available on the market.

15. A consultant hired by RMP to investigate the compressor failures alleged construction defects associated with the installation of the outdoor condensing units, including failure to flush debris in the piping that connects the outdoor condensing units to the HVAC system, and improper piping connections. RMP has alleged that these construction defects caused the seven compressors to fail, and that similar debris in the outdoor condensing units is likely to cause additional compressors to fail.

16. On or about January 28, 2022, Defendants received a letter from RMP that demanded that Defendants perform work required by LG to reinstate the warranty,

including (1) confirmation of proper pipe sizing and replacement of improperly sized pipes, (2) a full flushing of the HVAC system, (3) installation of external filters/dryers at each of the outdoor condensing units, and (4) replacement of the 32 outdoor condensing units (the "RMP Claims").

17. Replacement of the 32 outdoor condensing units will require Defendants to remove and replace other building components, such as drywall and piping.

18. On or about February 24, 2022, RMP again demanded that Defendants perform the work required to resolve the RMP Claims and stated that if Defendants fail to do so, RMP will perform the work itself and assert claims against Defendants to recover its full costs and attorneys' fees.

**The Insurance Policy**

19. Plaintiff issued a wrap-up commercial general liability policy to Weis bearing policy number H18PC30932-00 for the policy period January 18, 2018-July 31, 2020 (the "Policy"). The Policy has a per-occurrence limit of $2,000,000 and a general aggregate limit of $4,000,000.

20. Defendants are both named insureds under the Policy with respect to work performed for the Project.

21. Defendants incorporate by reference Paragraphs 32-33, 39-40, 46, 51, and 56 of the Complaint as to relevant provisions of the Policy.

**Plaintiff Denied Defendants' Request For Coverage**

22. Weis and Egan tendered claims to Plaintiff seeking defense and indemnity for the RMP Claims.

23. Plaintiff initially agreed to cover costs of engaging experts to defend against the RMP Claims, as well as cover other defense costs related to the RMP Claims.

24. Then, Plaintiff apparently changed its mind and abruptly denied coverage to Defendants by way of substantively identical letters to Weis and Egan dated April 28, 2022. The letters acknowledge RMP's allegation that "the compressor units failed because of faulty installation practices on the part of Weis Builders and/or Egan, including the alleged failure to protect and properly purge piping, which then allowed debris to build up and damage equipment."

25. Plaintiff's April 28, 2022 letters denied coverage for indemnification of the RMP Claims for the following reasons:

a. The RMP Claims do not allege property damage caused by an occurrence;

b. The RMP Claims are excluded from coverage by the "product recall" exclusion;

c. The RMP Claims are excluded from coverage by the "impaired property" exclusion;

d. The RMP Claims are excluded from coverage by the "Professional Liability" endorsement; and

e. The RMP claims are excluded from coverage by the "Residential Construction with Apartment Exception" endorsement.

26. Plaintiff's April 28, 2022 letters also denied Defendants' request for defense coverage because (1) Defendants do not seek damages covered by the Policy, and (2) RMP has not filed a "suit" as that term is defined under the Policy.

27. The RMP Claims allege "property damage" caused by an "occurrence," as those terms are defined by the Policy.

28. The exclusions cited by Plaintiff are either inapplicable or do not operate to exclude coverage in its entirety.

29. Although Defendants deny any wrongdoing associated with the RMP claims, they will be forced to defend against those claims as well as allegations made by LG in any future legal proceeding brought by RMP.

30. As a result of Plaintiff's denial of coverage, Defendants have incurred damages and will continue to incur damages associated with the RMP Claims, for which they are entitled to coverage under the Policy.

## CAUSES OF ACTION

### COUNT I
### (Declaratory Judgment)

31. Defendants incorporate and reassert the statements and allegations in all preceding paragraphs as if fully set forth herein.

32. To the extent the Court determines there is an actual, ripe and justiciable case or controversy between Defendants and Plaintiff over whether Plaintiff is required under the terms of the Policy to provide defense and indemnity coverage to Defendants for the

RMP Claims, Defendants are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that:

a. There was and is a duty to defend and indemnify Defendants under the Policy for the RMP Claims, including use of Defendants' chosen counsel to defend against the RMP Claims and complete reimbursement of said counsel's legal fees and costs and all expert and other defense costs as a result of Plaintiff's failure to provide defense coverage; and

b. Plaintiff has waived, forfeited, repudiated, and/or is estopped from any right to control the defense, exercise any choice of counsel, or object to the amount of fees charged in defending Defendants against the RMP Claims.

**COUNT II**
**(Breach of Contract)**

33. Defendants incorporate and reassert the statements and allegations in all preceding paragraphs as if fully set forth herein.

34. The Policy is an enforceable insurance contract between Defendants and Plaintiff.

35. Defendants properly fulfilled all conditions precedent to coverage and notice requirements under the Policy.

36. Defendants tendered the RMP Claims to Plaintiff seeking defense and indemnity coverage.

37. Plaintiff has a duty to defend and indemnify Defendants as named insureds under the Policy.

38. Plaintiff breached the Policy by failing to defend and indemnify Defendants under the terms of the Policy after Defendants demanded such coverage.

39. As a direct result of the breach of contract by Plaintiff, Defendants have been and will continue to be damaged in an amount exceeding $75,000.00, the exact amount to be proven at trial.

**COUNT III**
**(Breach of the Duty of Good Faith and Fair Dealing)**

40. Defendants incorporate and reassert the statements and allegations in all preceding paragraphs as if fully set forth herein.

41. Plaintiff owes a duty of good faith and fair dealing to the insureds, Defendants, as named insureds under the Policy.

42. Plaintiff initially agreed to cover costs of engaging experts to defend against the RMP Claims, as well as cover other defense costs related to the RMP Claims.

43. After Defendants had relied on Plaintiff's initial coverage decision, Plaintiff rescinded its prior decision and denied coverage.

44. Plaintiff has intentionally breached its contractual obligation of good faith to Defendants by intentionally and unreasonably denying coverage after it had previously indicated it would accept coverage.

45. Plaintiff has intentionally breached its contractual obligation of good faith to Defendants by denying coverage while having full knowledge that RMP and LG allege the compressor failures occurred due to construction defects and negligent installation.

46. As a result of Plaintiff's conduct, Defendants have been harmed in a way not fully compensable in contract.

47. As a direct result of Plaintiff's breach of the duty of good faith and fair dealing, Defendants have been damaged in an amount in excess of $75,000, the exact amount to be determined at trial.

**WHEREFORE,** Defendants Weis Builders, Inc. and Egan Company pray that the Court enter judgment in their favor and against Plaintiff as follows:

1. Dismissing Plaintiff's Complaint in its entirety, with prejudice and on the merits;

2. Entering an order granting the relief requested by Defendants in their Counterclaim.

3. Awarding Plaintiff no damages, costs or attorneys' fees;

4. Awarding Defendants their costs and disbursements, including reasonable attorneys' fees; and

5. Awarding Defendants such further relief this Court deems just and equitable.

Dated: June 30, 2022

**MASLON LLP**

By: */s/Jevon C. Bindman*

David E. Suchar (#392583)
Jevon C. Bindman (#0396337)
Gabriel Ramirez-Hernandez (#0402020)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
Telephone: (612) 672-8200
Email: david.suchar@maslon.com
jevon.bindman@maslon.com
gabriel.ramirez-hernandez@maslon.com

**ATTORNEYS FOR DEFENDANTS WEIS BUILDERS, INC. AND EGAN COMPANY**